ORAL ARGUMENT NOT SCHEDULED

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY, et al., Petitioners, | No. 24-1050 |
| v. | (and consolidated cases) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al. Respondents. | |

**MOVANT-INTERVENORS' PARTIAL OPPOSITION TO PETITIONERS' PROPOSED BRIEFING FORMAT**

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), Movant-Intervenors[1] in these consolidated cases oppose Petitioners' motion regarding word limits, particularly their proposal to limit Intervenor briefs supporting Respondents,

[1] Movant-Intervenors include: (1) State and Local Movant-Intervenors, which include the State of California (by and through Attorney General Rob Bonta and the California Air Resources Board), Arizona, Connecticut, Illinois, Maryland, Michigan, Minnesota, New Jersey, New York, Oregon, Rhode Island, Vermont, Washington, and Wisconsin; the Commonwealths of Massachusetts and Pennsylvania; the District of Columbia; and the City of New York; (2) Movant-Intervenor Harris County, Texas; and (3) Movant-Intervenor Health, Environmental, and Community Groups, which include Alliance of Nurses for Healthy Environments, American Lung Association, Citizens for Pennsylvania's Future, Conservation Law Foundation, Environmental Defense Fund, Natural Resources Defense Council, Northeast Ohio Black Health Coalition, Rio Grande International Study Center, and Sierra Club.

United States Environmental Protection Agency (EPA) and Administrator Michael S. Regan, to a collective word total of less than 45 percent of EPA's total—well below the proportion established by this Court's rules. *See* Petitioners' Unopposed Motion to Set a Briefing Schedule and Opposed Motion to Set a Briefing Format, ECF#2049469 (April 12, 2024). Movant-Intervenors do not oppose the schedule proposed by Petitioners in that motion.

As explained in more detail below, Movant-Intervenors request that the Court allocate them a word limit equal to 70 percent of the total words allocated to Respondents, in keeping with the D.C. Circuit's rules for standard-length briefs and this Court's typical practice for Clean Air Act cases involving non-standard length briefs and States intervening in support of EPA.[2] Assuming the Court enters an order adopting the proposed overlength limits for Petitioners' and Respondents' briefs of 22,000 words each—an amount for which Petitioners provide insufficient basis—Movant-Intervenors' requested proportion would be 15,400 words, to be shared between them, as Respondent-Intervenors, irrespective of the number of briefs.[3]

---

[2] EPA takes no position on Movant-Intervenors' request.

[3] As governmental entities under D.C. Circuit Rule 28(d)(4), State Movant-Intervenors are not subject to the default rule that intervenors on the same side must join in a single brief to the extent practicable. However, Movant-Intervenors anticipate coordinating briefing in an effort to limit both the number of briefs and redundancy across briefs.

Petitioners instead propose a collective limit of 10,500 words for Respondent-Intervenors. Petitioners claim their proposal would ensure that "both sides of these cases would receive nearly the same number of words," noting that they currently lack supporting intervenors and speculating about potential amicus participation. Mot. 6.

Petitioners' proposal is inconsistent with the default allocations established by this Court's rules, which provide respondent-intervenors 70 percent of the words that petitioners and respondents are each entitled to. *See* D.C. Cir. R. 32(e)(2)(B)(i) (9,100 words for intervenor brief); Fed. R. App. P. 32(a)(7)(B)(i) (13,000 words for principal brief). Nor, contrary to Petitioners' suggestion, do these default allocations vary based on whether both sides have supporting intervenors or the scope of potential amicus participation on one side, the other, or both.

Further, contrary to Petitioners' allusion to "word limits allowed in recent similar cases, and the number of entities on Respondents' side of these cases," Mot. 6, this Court has consistently retained a 70-percent allocation for respondent-intervenors and parity between petitioners' and respondents' word limits when ordering non-standard briefing formats in other recent Clean Air Act cases without any petitioner-intervenors. To name just a few examples:

- *Western States Trucking Assn. v. EPA,* D.C. Cir. No. 23-1143, ECF#2017811 (Sept. 19, 2023) (Respondent-Intervenor briefs of 13,200 words total)

- *Texas v. EPA*, D.C. Cir. No. 22-1031, ECF#1965622 (Sept. 22, 2022) (14,700 words total)
- *State of Ohio v. EPA*, D.C. Cir. No. 22-1081, ECF#1965631 (Sept. 20, 2022) (14,700 words total)
- *Union of Concerned Scientists v. NHTSA*; D.C. Cir. 19-1230 ECF#1843712 (May 5, 2020) (18,200 words total)
- *American Lung Assn. v. EPA*, D.C. Cir. No. 19-1140, ECF#1826621 (Jan. 31, 2020) (36,960 words total).

The Court should follow this approach here, consistent with its rules, and allocate the same amount of words to Petitioners and Respondents and 70 percent of that amount to Respondent-Intervenors.

Moreover, Petitioners do not identify any reason that the appropriate mechanism to "nearly" equalize word counts—were that equality somehow consistent with this Court's codified approach—would be a sharp reduction in the share of words typically allocated to respondent-intervenors. Indeed, in another pending Clean Air Act case, many of these same Petitioners have proposed achieving the same goal through the mechanism of an overlength reply brief, citing the presence of respondent-intervenors. *See* Joint Briefing Proposal, *West Virginia v. EPA*, D.C. Cir. No. 24-1009, ECF#2048284, p. 23 (April 4, 2024).

And even if disproportionately cutting respondent-intervenors' words might be justified in some cases, this case is a particularly poor candidate. Seeking to justify overlength Petitioner briefs, Petitioners invoke the number of issues, the divergent interests involved, and the unique perspectives of States directly regulated by and tasked with implementing the Rule. *See* Mot. 3-4, 6. Regardless

of whether these minimally explained invocations sufficiently justify such a significant expansion of the default word limits, *see* D.C. Cir. R. 28(e)(1),[4] those reasons apply with equal force to justify proportionately longer Respondent-Intervenor briefs. Movant-Intervenors consist of State and local governments, as well as many non-governmental organizations of various sizes and views, and will confront at least the same number of issues as and bring divergent interests and perspectives just like Petitioners.[5] And allowing for proportionate length briefs will better enable Movant-Intervenors to draw on their unique perspectives and experience to aid the Court in its resolution of this matter, in part by presenting points and arguments that Respondents may not. *See, e.g.*, *Murray Energy v. EPA*, 936 F.3d 597, 621-24 (D.C. Cir. 2019) (rejecting arguments against National Ambient Air Quality Standard for ozone by relying on argument raised only by respondent-intervenors, including many Movant-Intervenors here); *State of Ohio v.*

[4] Movant-Intervenors do not oppose some expansion of the word limits beyond the default length. Movant-Intervenors further support parity between EPA's word limit and the sum of Petitioners' opening briefs' word limits.

[5] Health, Environmental, and Community Groups' Unopposed Motion to Intervene in Support of Respondents, ECF#2047121, 6-12 (March 27, 2024) (describing movants' significant and unique interests); Alliance of Nurses for Healthy Environments, American Lung Association, and Environmental Defense Fund's Unopposed Motion to Intervene in Support of Respondents, ECF#2048433, 6-12 (April 5, 2024) (same); Movant-Intervenor States' Unopposed Motion for Leave to Intervene in Support of Respondents, ECF#2048506, 12-19 (April 5, 2024) (same); Motion of Harris County for Leave to Intervene in Support of Respondent, ECF#2048487, 6-12 (April 5, 2024) (same).

*EPA*, D.C. Cir. 22-1081, slip op. 30-34 (relying on standing arguments presented only in State respondent-intervenors' brief).

For the above reasons, Movant-Intervenors respectfully request that this Court adopt a briefing format that allocates Respondent-Intervenors a collective word limit equal to 70 percent of the total words allocated to Respondents.

Dated: April 22, 2024

Respectfully submitted,

FOR THE STATE OF CALIFORNIA
ROB BONTA, ATTORNEY GENERAL

/s/ Jonathan Wiener
EDWARD H. OCHOA
TRACY L. WINSOR
Senior Assistant Attorneys General
MYUNG J. PARK
CHRISTIE VOSBURG
Supervising Deputy Attorneys General
STACY LAU
COREY M. MOFFAT
LINDSAY N. WALTER
JONATHAN WIENER
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Telephone: (415) 510-3549
Email: Jonathan.Wiener@doj.ca.gov[6]

[6] Counsel for the State of California represents, pursuant to D.C. Circuit Rule 32(a)(2), that the other parties listed in the signature blocks below consent to the filing of this motion.

FOR THE STATE OF ARIZONA
KRISTIN K. MAYES,
ATTORNEY GENERAL

*/s/ Paul Phelps*
PAUL PHELPS
Assistant Attorney General
Office of the Attorney General
Environmental Enforcement Section
2005 N. Central Ave.
Phoenix, AZ 85004
Phone: 602.542.8543
Paul.Phelps@azag.gov

FOR THE STATE OF CONNECTICUT
WILLIAM TONG, ATTORNEY GENERAL

*/s/ Jill Lacedonia*
MATTHEW I. LEVINE
Deputy Associate Attorney General
JILL LACEDONIA
Assistant Attorney General
Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, Connecticut 06106
(860) 808-5250
jill.lacedonia@ct.gov

FOR THE STATE OF ILLINOIS
KWAME RAOUL, ATTORNEY GENERAL

*/s/ Jason E. James*
JASON E. JAMES
Assistant Attorney General
MATTHEW J. DUNN
Chief, Environmental Enforcement/
Asbestos Litigation Division
Office of the Attorney General
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
Ph: (872) 276-3583
Email: jason.james@ilag.gov

FOR THE STATE OF MARYLAND
ANTHONY G. BROWN, ATTORNEY GENERAL

*/s/ Roberta R. James*
ROBERTA R. JAMES
Assistant Attorney General
Office of the Attorney General
Maryland Department of the Environment
1800 Washington Blvd.
Baltimore, MD 21230
Telephone: (410) 537-3014
roberta.james@maryland.gov

FOR THE COMMONWEALTH OF MASSACHUSETTS
ANDREA JOY CAMPBELL, ATTORNEY GENERAL

*/s/ Turner Smith*
TURNER SMITH
Assistant Attorney General & Deputy Chief
BRIAN CLAPPIER
Assistant Attorney General
MARCUS HOLMES
Assistant Attorney General
Energy & Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200
Turner.Smith@mass.gov

FOR THE PEOPLE OF THE STATE OF MICHIGAN

*/s/ Elizabeth Morrisseau*
ELIZABETH MORRISSEAU
Assistant Attorney General
Environment, Natural Resources, and Agriculture Division
6th Floor G. Mennen Williams Building
525 W. Ottawa Street
P.O. Box 30755
Lansing, MI 48909
Tel: (517) 335-7664
MorrisseauE@michigan.gov

FOR THE STATE OF MINNESOTA
KEITH ELLISON, ATTORNEY GENERAL

*/s/ Peter N. Surdo*
PETER N. SURDO
Special Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street
Suite 1400
St. Paul, MN 55101
(651) 757-1061
Peter.Surdo@ag.state.mn.us

FOR THE STATE OF NEW JERSEY
MATTHEW J. PLATKIN, ATTORNEY GENERAL

*/s/ Lisa Morelli*
LISA MORELLI
Deputy Attorney General
Division of Law
25 Market Street
P.O. Box 093
Trenton, NJ 08625-093
609-376-2740
lisa.morelli@law.njoag.gov

FOR THE STATE OF NEW YORK
LETITIA JAMES, ATTORNEY GENERAL

*/s/ Michael J. Myers*
BARBARA D. UNDERWOOD
Solicitor General
JUDITH N. VALE
Deputy Solicitor General
ELIZABETH A. BRODY
Assistant Solicitor General
MICHAEL J. MYERS
Senior Counsel
NICHOLAS C. BUTTINO
Assistant Attorney General
Environmental Protection Bureau
The Capitol
Albany, NY 12224
(518) 776-2382
michael.myers@ag.ny.gov

FOR THE STATE OF OREGON
ELLEN F. ROSENBLUM, ATTORNEY GENERAL

*/s/ Paul Garrahan*
PAUL GARRAHAN
Attorney-in-Charge
STEVE NOVICK
Special Assistant Attorney General
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
(503) 947-4540
Paul.Garrahan@doj.state.or.us
Steve.Novick@doj.state.or.us

FOR THE COMMONWEALTH OF PENNSYLVANIA
MICHELLE A. HENRY, ATTORNEY GENERAL

*/s/ Ann R. Johnston*
ANN R. JOHNSTON
Assistant Chief Deputy Attorney General
Civil Environmental Enforcement Unit
Office of Attorney General
Strawberry Square
14th Floor
Harrisburg, PA 17120
717-497-3678
Email: ajohnston@attorneygeneral.gov

FOR THE STATE OF RHODE ISLAND
PETER F. NERONHA, ATTORNEY GENERAL

*/s/ Alison Hoffman Carney*
ALISON HOFFMAN CARNEY
Assistant Attorney General
Chief, Environment and Energy Unit
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Phone: (401) 274-4400 ext 2116
Email: acarney@riag.ri.gov

FOR THE STATE OF VERMONT
CHARITY R. CLARK, ATTORNEY GENERAL

*/s/ Melanie Kehne*
MELANIE KEHNE
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3171
Melanie.kehne@vermont.gov

FOR THE STATE OF WASHINGTON
ROBERT W. FERGUSON, ATTORNEY GENERAL

*/s/ Caroline E. Cress*
CAROLINE E. CRESS
CHRISTOPHER H. REITZ
Assistant Attorneys General
Office of the Attorney General
P.O. Box 40117
Olympia, Washington 98504-0117
(360) 586-6770
chris.reitz@atg.wa.gov
caroline.cress@atg.wa.gov

FOR THE STATE OF WISCONSIN
JOSHUA L. KAUL, ATTORNEY GENERAL

*/s/ Bradley J. Motl*
BRADLEY J. MOTL
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-0505
motlbj@doj.state.wi.us

FOR THE DISTRICT OF COLUMBIA
BRIAN L. SCHWALB, ATTORNEY GENERAL

*/s/ Caroline S. Van Zile*
CAROLINE S. VAN ZILE
Solicitor General
Office of the Attorney General for the District of Columbia
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
Tel: (202) 724-6609
Email: caroline.vanzile@dc.gov

FOR THE CITY OF NEW YORK
HON. SYLVIA O. HINDS-RADIX,
CORPORATION COUNSEL

*/s/ Christopher Gene King*
CHRISTOPHER GENE KING
Senior Counsel, Environmental Law Division
NATHAN TAYLOR
Senior Counsel
New York City Law Department
100 Church Street
New York, NY 10007
212.356.2074
cking@law.nyc.gov

*/s/ Seth L. Johnson*
Seth L. Johnson
Marvin C. Brown IV
Earthjustice
1001 G Street NW, Suite 1000
Washington, DC 20001
(202) 797-5245
(202) 794-5355
sjohnson@earthjustice.org
mcbrown@earthjustice.org

*Counsel for Alliance of Nurses for Healthy Environments, American Lung Association, Environmental Defense Fund, Natural Resources Defense Council, Northeast Ohio Black Health Coalition, Rio Grande International Study Center, and Sierra Club*

*/s/ Shaun A. Goho (w/permission)*
Shaun A. Goho
Hayden W. Hashimoto
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(617) 678-2516
sgoho@catf.us
hhashimoto@catf.us

*Counsel for Citizens for Pennsylvania's Future and Conservation Law Foundation*

*[/s/ John Walke]*
John Walke
Emily Davis
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
(202) 289-6868
jwalke@nrdc.org
edavis@nrdc.org

*Counsel for Natural Resources Defense Council*

by: */s/ Sarah Jane Utley*
Sarah Jane Utley
Environmental Division Director
Texas Bar No. 24042075
Federal (Southern District) No. 737952
Sarah.Utley@cao.hctx.net
Elizabeth Hidalgo
Assistant County Attorney
Texas Bar No. 24133308
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
713.274.5124 (direct line)

IRVINE & CONNER PLLC
Charles Irvine
Texas Bar No. 24055716
Federal (Southern District) No. 675029
charles@irvineconner.com
Janet Campos
Texas Bar No. 24096157
Federal (Southern District) No. 3676630
4709 Austin Street
Houston, Texas 77004
713.533.1704

*Attorneys for Harris County, Texas*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing **Movant-Intervenors' Partial Opposition to Petitioners' Proposed Briefing Format** complies with the type-volume limitations of Fed. R. App. Pr. 27(d)(1)(E) & 27(d)(2)(A) because it because it has been prepared in 14-point Times New Roman font and contains 1,136 words, excluding the parts exempted under Fed. R. App. P. 32(f), according to the count of Microsoft Word.

Dated: April 22, 2024

*/s/ Jonathan Wiener*
JONATHAN WIENER

## CERTIFICATE OF SERVICE

Case Name: **Commonwealth of Kentucky, et al v. EPA, et al** No. **24-1050**

I hereby certify that on April 22, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **MOVANT-INTERVENORS' PARTIAL OPPOSITION TO PETITIONERS' PROPOSED BRIEFING FORMAT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on April 22, 2024, at San Francisco, California.

| | |
|---|---|
| H. Truong | [signature] |
| Declarant | Signature |

SF2024400531
44138287.docx